(32 Misc. Rep. 93.)

## STAHL v. ALLERT.

(Supreme Court, Appellate Term.   June 26, 1900.)

MASTER AND SERVANT—DISHONESTY OF SERVANT—DISCHARGE.

Defendant agreed with plaintiff that if, on examination, he found that plaintiff's conduct of his business had been correct, he would continue plaintiff in his employ at an increased salary. Plaintiff purchased certain furniture for defendant, and procured false bills from the vendor therefor, by which the defendant was required to pay for furniture not received by him. Held, that plaintiff's conduct constituted a breach of the condition of his employment, such as would authorize his discharge from defendant's employ.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Karl M. Stahl against Rudolph Allert to recover salary under a contract of employment. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Forster, Hotaling & Klenke, for appellant.

F. H. Ernst, for respondent.

PER CURIAM. The modified agreement, under date of August 18, 1899, to pay plaintiff a salary of $125 a month from September 1, 1899, to February 1, 1900, was dependent upon the defendant finding the plaintiff's books, collections, payments, and everything else connected with his management of the brewery correct. The circumstances connected with the plaintiff's purchase of furniture for the defendant, and procuring from the vendor false bills, by which the defendant was required to pay for property never received by him, constituted a breach of the plaintiff's implied obligation to be faithful and honest in the performance of his duties under the defendant's employment. This was such conduct as involved moral turpitude, and was entirely inconsistent with the relation that the plaintiff held to the defendant, and the duties he owed under his employment. It comes precisely within the purview of the condition embraced in the modified contract of employment, and in itself was sufficient to relieve the defendant from all the obligations thereof. Indeed, such conduct, in the absence of the condition, would justify a termination of the employment and a forfeiture of plaintiff's rights thereunder.

The judgment, therefore, should be reversed, with costs to the appellant, and judgment ordered for the defendant, with costs.